# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 22-1017**

**September Term, 2022**

FILED ON: DECEMBER 30, 2022

INDEPENDENT UNION OF PENSION EMPLOYEES FOR DEMOCRACY AND JUSTICE,
PETITIONER

v.

FEDERAL LABOR RELATIONS AUTHORITY,
RESPONDENT

---

On Petition for Review of an Order
of the Federal Labor Relations Authority

---

Before: RAO and CHILDS, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*

## J U D G M E N T

The court has considered this petition for review of a decision of the Federal Labor Relations Authority ("FLRA") on the record and the briefs. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the following reasons,

it is **ORDERED** and **ADJUDGED** that the petition for review be dismissed.

I.

The Independent Union of Pension Employees for Democracy and Justice ("Union") and the Pension Benefit Guaranty Corporation ("PBGC") have a collective bargaining agreement ("Agreement") governed by the Civil Service Reform Act of 1978. They dispute a provision of the Agreement that creates Special Achievement Awards for employees equal to "at least 9 [percent] of all monies allocated for all awards." The PBGC canceled the Special Achievement Awards, and the Union filed a grievance pursuant to the procedures outlined in the Agreement as required by the Reform Act. *See* Pub. L. No. 95-454, 92 Stat. 1111, 1211 (codified at 5 U.S.C. § 7121(a)(1)) (requiring collective bargaining agreements for federal employees to include "procedures for the settlement of grievances"). The grievance claimed the cancelation violated the terms of the Agreement and constituted an unfair labor practice.

When the grievance procedures failed, the Union brought the matter to an arbitrator. *See* 5

1

U.S.C. § 7121(b)(1)(C)(iii) (stating that if a "grievance [is] not satisfactorily settled," the dispute is "subject to binding arbitration which may be invoked by either" party). The arbitrator sided with the PBGC, concluding the 9 percent requirement interfered with the management's statutory right "to determine the … budget." *Id.* § 7106(a)(1). The arbitrator also found that a joint committee—with the power to dish out the Special Achievement Awards—violated an unspecified management right.

The Union filed an exception to the arbitrator's finding with the FLRA. *See id.* § 7122(a) (allowing a party to file "an exception to [the] arbitrator's award" with the FLRA). The FLRA may grant an exception if the award is "contrary to any law, rule, or regulation" or deficient on "grounds similar to those applied by Federal courts in [the] private sector." *Id.* The FLRA granted the exception as to the joint committee, faulting the arbitrator for failing to specify a management right. But the FLRA dismissed or denied all the other requested exceptions. The FLRA agreed with the arbitrator that the 9 percent requirement interfered with PBGC management's right to determine its budget.

The Union petitioned for review in this court. The FLRA moved to dismiss the petition on the ground that its order was not final. We ordered the parties to address whether this court has subject matter jurisdiction under 5 U.S.C. § 7123(a)(1), which gives this court jurisdiction over an FLRA order concerning an arbitration award only when that order "involves an unfair labor practice." *See Indep. Union of Pension Emps. for Democracy & Justice v. FLRA*, 2022 U.S. App. LEXIS 14427, at *1 (D.C. Cir. May 25, 2022) (per curiam).

II.

The Union failed to meet its burden of demonstrating jurisdiction, and we also conclude that the FLRA's order did not involve an unfair labor practice. We therefore dismiss the petition for lack of subject matter jurisdiction.

Federal courts have limited jurisdiction. Therefore, "the party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). The Union has not met its burden. The Union claims in a conclusory statement that the arbitrator's award includes an unfair labor practice. But section 7123(a) gives us jurisdiction to review an FLRA order—not the arbitrator's award—and it specifies that such order must involve an unfair labor practice. *See* 5 U.S.C. § 7123(a)(1). Despite our explicit direction to address jurisdiction, the Union has not even alleged that the FLRA's order involves an unfair labor practice and makes no argument that the requirements of section 7123(a)(1) are met.[1] The Union has failed to carry its burden of demonstrating jurisdiction, and this defect is sufficient to dismiss the petition.

Even looking past the Union's failure, we lack jurisdiction because the FLRA's order did not involve an unfair labor practice. We have interpreted "involves" in section 7123(a)(1) narrowly in order to "faithfully respect Congress's desire to limit judicial review of arbitration awards" in the labor context. *Broadcasting Bd. of Governors Office of Cuba Broadcasting v. FLRA*, 752 F.3d 453, 457 (D.C. Cir. 2014). To this end, we have maintained that the FLRA's order "must contain

---

[1] The FLRA inexplicably makes no mention of jurisdiction under section 7123(a)(1), despite our order to do so, but the Authority does not bear the burden of demonstrating jurisdiction here.

a substantive discussion of an unfair labor practice claim." *Id.* (cleaned up). The FLRA must address the unfair labor practice with more than a "passing reference." *Id.* (cleaned up). Or an unfair labor practice must "be necessarily implicated by" the FLRA's decision, meaning "a successful claim could not possibly have been upheld based on the contract because the contract provided no ground for the [FLRA's] decision." *U.S. Dep't of the Navy v. FLRA*, 665 F.3d 1339, 1345 (D.C. Cir. 2012) (cleaned up). Here, the FLRA's order turns on the parties' Agreement and mentions the unfair labor practice "only in a footnote and only to explain why it had no need to consider the claim," which we have held is insufficient. *Cuba Broadcasting*, 752 F.3d at 457. Because the order neither includes a substantive discussion of an unfair labor practice nor implicates such a practice, the statutory requirements for our jurisdiction are not met.

The Union maintains that it brought an unfair labor practice claim in its initial grievance to the PBGC. That is true, but raising an unfair labor practice claim is not sufficient to support our jurisdiction. We have held that "even when an aggrieved party argues that the other party committed a statutory unfair labor practice, and even when the arbitrator's award addresses that alleged unfair labor practice, it is the order of the FLRA that is the subject of the petition for judicial review, not the arbitrator's decision or the initial grievance." *Id.* (cleaned up). Because the FLRA's order does not involve an unfair labor practice, we dismiss the Union's petition for lack of jurisdiction.

\*\*\*

Pursuant to D.C. Circuit Rule 36(d), this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

FOR THE COURT:
Mark J. Langer, Clerk

BY:   /s/
Michael C. McGrail
Deputy Clerk

3